UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ILIE LUPAN,<br><br>                    Petitioner,<br><br>         v.<br><br>TOOD BLANCHE, JULIO HERNANDEZ, MARKWAYNE MULLIN, and BRUCE SCOTT,<br><br>                    Respondents. | Case No. 2:26-cv-01230-TMC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION

Before the Court is self-represented petitioner Ilie Lupan's petition for writ of habeas corpus. Dkt. 3. Mr. Lupan is currently detained by Respondents within the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"). *Id.* at 1–2. With this petition, Mr. Lupan seeks his immediate release. *Id.* at 2. For the following reasons, Mr. Lupan's petition is DENIED.

## II.    BACKGROUND

Mr. Lupan, a "native of Moldova and a citizen of Romania," entered the United States under a J-1 visa on July 3, 2013. *Id.* at 4; Dkt. 8-2 at 3. He never left the United States. Dkt. 3 at 15.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

On July 23, 2025, Mr. Lupan was convicted of the crime of "Violation of a Court Order— Domestic Violence" in Clark County District Court. Dkt. 7 at 2.

Customs and Border Protection ("CBP") officers arrested Mr. Lupan outside his home in Vancouver, Washington on November 7, 2025. He has remained in NWIPC since. Dkt. 3 at 2; Dkt. 7 at 2; Dkt. 8-3 at 2. Respondents initially and incorrectly believed Mr. Lupan had left the United States after his 2013 arrival. Dkt. 8-2 at 3–4. Mr. Lupan was provided with a Notice to Appear, alleging that he was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) for entry into the United States without inspection. Dkt. 8-6 at 2. On December 11, Mr. Lupan requested a bond hearing. Dkt. 7 at 2. That request was granted and on December 16, Mr. Lupan was found removable and his request for bond was denied based on a claimed lack of jurisdiction. *Id.*

On April 21, 2026, Respondents notified immigration court that Mr. Lupan was a member of the *Franco-Gonzalez* class of detainees. Dkt. 14-3 at 3 (citing *Franco-Gonzalez v. Holder*, No. 10-cv-2211, 2013 WL 8115423 (C.D. Cal. 2013)). This required immigration court to schedule a bond hearing, compliant "with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) . . . as soon as is practicable." *Id.* On April 24, Respondents amended the factual allegations against Mr. Lupan to reflect that he was in fact admitted into the United States under a J1 visa, remained beyond his visa's expiration date, and never left. Dkt. 7 at 3.

On April 28, the *Franco* bond hearing was held. Dkt. 14-1 at 2. The IJ found Mr. Lupan to be both a danger to the community and a flight risk and denied bond. Dkt. 14-1 at 2.

The instant petition was filed on April 9, 2026. Dkt. 1. Respondents filed their response on April 24. Dkt. 6. Mr. Lupan's reply was filed on May 8. Dkt. 11. The Court directed Respondents to provide an update as to Mr. Lupan's *Franco* hearing, Dkt. 12, which Respondents provided three days later. Dkts. 13, 14.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c). The Court must liberally construe habeas petitions filed by self-represented petitioners. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

### IV.    DISCUSSION

Mr. Lupan's petition seeks his immediate release. Dkt. 3 at 18. The Court will consider each of his arguments in turn.

### A.    "Unconstitutional warrantless arrest via deceptive ruse" in violation of the Fourth and Fifth Amendments

Mr. Lupan contends that his November 7, 2025 arrest by CBP officers violated the Fourth and Fifth Amendments because his arrest was the result of a ruse. *Id.* at 13–16. Mr. Lupan claims that he was asked to go outside his residence by a stranger to check the damage to his car, only to be arrested by agents who were hiding and did not have a warrant. *Id.*

Respondents dispute the lawfulness of Mr. Lupan's arrest and argue that his claims "concerning his arrest" are "not cognizable in this habeas action." Dkt. 6 at 7 (citing *Labrador Abadin v. Noem*, No. 2:25-cv-02411-JLR-SKV, 2026 WL 217148 (W.D. Wash. Jan. 28, 2026)). This is because "there is no basis for the Court to grant" release, even if Mr. Lupan is in custody "based on an allegedly unlawful arrest." *Id.*

Respondents are correct that even if Mr. Lupan's arrest was unlawful, it would not provide a basis for release from custody. Although as "a general matter, the Fourth Amendment's exclusionary rule does not apply to immigration proceedings," there are "two

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

longstanding exceptions": (1) "when the agency violates a regulation promulgated for the benefit of petitioners and that violation prejudices the petitioner's protected interests," and (2) "when the agency egregiously violates a petitioner's Fourth Amendment rights." *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019) (quoting *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018)). Mr. Lupan may pursue these remedies in his removal proceedings. *See id.* "[A]dministrative tribunals are still required to exclude evidence that was obtained by deliberate violations of the Fourth Amendment or by conduct a reasonable officer should know is in violation of the Constitution." *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008) (citation modified).

But in civil as in criminal proceedings, "the 'body' or identity of a defendant or respondent . . . is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). As the Ninth Circuit has explained, "a defendant, including his identity, is properly before a court in a criminal or civil proceeding despite the initial illegal police action." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006). Thus, while the legality of Mr. Lupan's initial arrest may be at issue in his removal proceedings, it does not provide this Court a basis for concluding that his current detention violates the INA or the Constitution.

B.    **"Lack of Procedural Due Process"**

After briefly discussing the three-factor test from *Mathews v. Eldridge*, Mr. Lupan concludes that his detention violates his right to procedural due process. Dkt. 3 at 17–18 (citing 424 U.S. 319, 335 (1976)). The Court is not persuaded by Mr. Lupan's argument under *Mathews* for two reasons.

First, Mr. Lupan's argument as to why his detention violates procedural due process is conclusory. Second, Mr. Lupan's case is distinguishable from many cases in this District that

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

have granted relief under the *Mathews* test because Mr. Lupan's case does not concern re-detention. Courts in this district routinely analyze "cases involving detention after revocation of a prior release" under the *Mathews* three-factor test. *Sayaseng v. Scott*, No. 2:26-CV-00476-RAJ, 2026 WL 972725, at *4 (W.D. Wash. Apr. 10, 2026) ("Courts in this District and elsewhere regularly apply the *Mathews* test to find that due process requires pre-deprivation notice and a hearing before a noncitizen's order of supervision is revoked and the noncitizen is re-detained."); *G.R.R. v. Hermosillo*, No. 2:26-CV-00097-GJL, 2026 WL 395268, at *3 (W.D. Wash. Feb. 12, 2026); *Barraza Enriquez v. Mullin*, No. 2:25-CV-02352-LK, 2026 WL 947931, at *5 (W.D. Wash. Apr. 8, 2026) ("Respondents acknowledge that 'Courts analyze revocation of OSUP under the framework set forth in *Mathews*[.]'"). Mr. Lupan was not previously at liberty pursuant to an order of recognizance or bond before the Government arrested him. The reasoning of the re-detention cases does not apply to Mr. Lupan's detention in the first instance.

### C. Unlawful detention "based on factual error[s] and [a] violation of due process."

Mr. Lupan argues that his detention is unlawful as it is "based on factual error[s] and [a] violation of due process," in violation of the Fourth and Fifth Amendments. Dkt. 3 at 13–15. Mr. Lupan bases this argument on Respondents' initial false claim that he entered the United States "illegally (without inspection)," when in fact he entered the United States "legally with an exchange student visa" and never left. *Id.* at 15.

Respondents concede that they initially mischaracterized Mr. Lupan's entrance, but they argue that "this mistake does not entitle [Mr. Lupan] to release from immigration detention," as they have "corrected [the] facts and removal charge." Dkt. 6 at 6–7. Respondents also clarified that Mr. Lupan is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b). *Id.* Respondents ask the Court to deny Mr. Lupan the relief

he seeks because Mr. Lupan has "already received" the appropriate relief the Court could grant, in the form of a bond hearing. *Id.* at 7.

Mr. Lupan is subject to Section 1226(a). The relief Mr. Lupan would be entitled to is a bond hearing. *Balwan v. Bondi*, No. 2:26-CV-00248-LK, 2026 WL 497098, at *8 (W.D. Wash. Feb. 23, 2026) (With "detention for months without a bond hearing pursuant to Section 1226(a)" this "harm is remedied by ordering a bond hearing.") (citation modified) (collecting cases). Mr. Lupan received a bond hearing, with the additional procedural protections of *Singh v. Holder* due to his membership in the *Franco-Gonzalez* class, shortly after he filed the instant petition. Dkt. 14-3 at 3; Dkt. 13. Mr. Lupan's current detention following the IJ's bond ruling does not violate his right to procedural due process.

### V.   CONCLUSION

For the previously mentioned reasons, Mr. Lupan's petition for writ of habeas corpus is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 6